UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA DAVENPORT,
*on behalf of J.E.D.*,

        Plaintiff,

vs.

Case No. 16-CV-11963
HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION, (DOC. 15), OVERRULING PLAINTIFF'S OBJECTIONS, (DOC. 16 AND 17), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (DOC. 12), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (DOC. 11), AND DISMISSING PLAINTIFF'S CLAIMS

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff Yolanda Davenport, on behalf of her minor son J.E.D., seeks judicial review of the ALJ's decision finding that J.E.D. is not disabled. (Doc. 11). Defendant Commissioner of Social Security seeks to affirm the denial of plaintiff's application for Supplemental Security Income (SSI) under the Social Security Act. (Doc. 12). The matter was referred to Magistrate Judge Anthony P. Patti, who issued a report and recommendation on August 11, 2017, recommending that plaintiff's motion

be denied and defendant's motion be granted. (Doc. 15). Plaintiff filed objections on August 25, 2017. (Doc. 16). Plaintiff filed her objections again on August 31, 2017. (Doc. 17). Defendant replied on August 31, 2017. (Doc. 18).

## I. Procedural and Factual History

Plaintiff filed an application for SSI benefits on February 11, 2014, alleging that J.E.D. has been disabled since April 19, 2012. After this application was denied, plaintiff requested a hearing before an Administrative Law Judge (ALJ). ALJ David F. Neumann held a hearing on May 14, 2015 and subsequently determined that J.E.D. was not disabled within the meaning of the Social Security Act. At Step One, the ALJ determined that J.E.D. has not engaged in substantial gainful activity since February 11, 2014. At Step Two, the ALJ identified severe impairment of speech/articulation disorder. At Step Three, the ALJ found that J.E.D.'s severe impairment does not meet, or medically or functionally equal, the severity of one of the listed impairments.

The Appeals Counsel of the Social Security Administration denied plaintiff's request for review of the ALJ's decision on April 6, 2016, "at which point the ALJ's decision became the final decision of the Commissioner of

Social Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citations omitted). Plaintiff initiated this civil action for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on May 31, 2016. (Doc. 1).

## II. Legal Standard

The standard of review to be employed by the Court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). The Court "must affirm the Commissioner's decision if it is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (internal citations omitted). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (internal citations omitted).

The claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (internal citations omitted). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (internal citations omitted).

### III. Analysis

Magistrate Judge Patti's report and recommendation concludes that the ALJ's opinion is supported by substantial evidence and that plaintiff has

not shown reversible error. In response, plaintiff filed two objections. (Doc. 16 and 17).

First, plaintiff argues that Magistrate Judge Patti erred by finding that it was proper for the ALJ to ignore the opinions of J.E.D.'s teachers. Plaintiff refers to teacher questionnaires submitted by Chris Wilinski and Ann Kay. Plaintiff asserts that the ALJ's reasoning is insufficient because he did not discuss the teachers' opinions in some of his findings under the six functional equivalent domains.

The ALJ did not ignore Wilinski's opinion, but rather, evaluated it and chose to discount it. Teachers like Wilinski are educational personnel, which the pertinent SSR categorizes as non-medical sources. SSR 06-03P, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). "An opinion from a 'non-medical source'. . . may, under certain circumstances, properly be determined to outweigh the opinion from a medical source." SSR 06-03P, *3. "For example, this could occur if the 'non-medical' source has seen the individual more often and has greater knowledge of the individual's functioning over time and if the 'non-medical source's' opinion has better supporting evidence and is more consistent with the evidence as a whole." *Id.* These circumstances were not present here. Instead, the ALJ

acknowledged that Wilinski was J.E.D.'s first grade teacher, but found that Wilinski's questionnaire had "little weight" because "the symptoms he described therein are inconsistent with the opinions offered by Dr. Hayter and Ms. Wayburn, both of which are internally consistent and substantially supported by the medical and other education records presented." (R. at 33-34).

The ALJ did not ignore Kay's opinion. Kay's questionnaire was submitted to the Appeals Council after the ALJ issued his decision. As such, plaintiff's reliance on Kay's opinion is misplaced.

Plaintiff's argument relies on numerous extra-jurisdictional case law. Plaintiff cites *Murphy v. Astrue*, 496 F.3d 630 (7th Cir. 2007) to argue that an ALJ errs when he does "not explain why he gave no weight to the portions of the school documents which support a finding that [the claimant] is disabled." *Id.* at 634. Plaintiff further cites *D.H. ex rel. Heath v. Astrue*, No. 07-C-309, 2009 WL 3488089 (E.D. Wis. Oct. 21, 2009) for the proposition that an ALJ's reasoning is insufficient where it does "not set forth the required explanation for why strong evidence favorable to the claimant was overcome by the evidence the ALJ cited." *Id.* at *12. But here, the ALJ explained that he gave little weight to Wilinski's questionnaire

because it was inconsistent with evidence from Dr. Hayter and Ms. Wayburn, and Kay's opinion was not before the ALJ.

Plaintiff also cites *Dean on behalf of A.L.D. v. Berryhill*, No. 14-C-10373, 2017 WL 1197099 (N.D. Ill. Mar. 31, 2017) for its conclusion that an ALJ's statement that a teacher's opinion was not consistent with the evidence lacked evidentiary support and adequate analysis. *See id.* at *8. Here, however, the ALJ's decision has evidentiary support and analysis. The ALJ found that Wilinski's description of J.E.D. as impulsive and having a short attention span was inconsistent with evidence, from Ms. Wayburn and Dr. Hayter, that J.E.D. acted appropriately and was attentive without restlessness or distractibility. (Tr. 33-34, 174, 184, 186-87).

Second, plaintiff argues that Magistrate Judge Patti erred by finding that the ALJ properly "considered the whole child, including various support mechanisms," in making a determining that J.E.D. was not disabled. (Doc. 17 at PageID 331). Plaintiff asserts that the ALJ failed to consider the fact that J.E.D. received extra help and time in school, received speech therapy, and took medication for attention deficient hyperactivity disorder (ADHD).

Pursuant to SSR 09-1p, ALJs are not required to discuss each potentially relevant consideration listed. SSR09-1p, 2009 WL 396031, at *3 (Feb. 17, 2009). ALJs must only provide sufficient detail such that subsequent reviewers can understand how they made their findings. *Id.* This can be accomplished by explaining the weight an ALJ gives questionnaires and opinions in the record. *See Worwell ex rel. G.W. v. Astrue*, No. 1:10cv1307, 2012 WL 669974, at *5 (N.D. Ohio Feb. 29, 2012).

The report and recommendation recounts the ALJ's consideration of Wilinski's report regarding J.E.D.'s performance in school, (Doc. 15 at PageID 301-04, 311), the ADHD diagnosis and medication, (Doc. 15 at PageID 311), and J.E.D.'s speech therapy, (Doc. 15 at PageID 311). Magistrate Judge Patti further explained that "[t]he questions of how much 'less independent the child is in functioning' or of whether J.E.D. is receiving 'a substantial amount of assistance' are inherently linked to a weighing of the evidence, a task which the ALJ handled appropriately." (Doc. 15 at PageID 311-12). Magistrate Judge Patti properly declined to reweigh the evidence in J.E.D.'s favor. This Court shall do the same.

Plaintiff cites additional extra-jurisdictional cases, including *M.W. ex rel. Terry v. Astrue*, No. 10 C 7813, 2012 WL 1532386 (N.D. Ill. Apr. 30,

2012) to argue that an ALJ's decision is deficient if it "fails to account for. . . [a] modified grading scale" and teachers who grade the claimant using less rigorous methods. *Id.* at *11. Plaintiff also cites *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696 (7th Cir. 2009) to assert that ALJs err when they fail to explain why they do not credit portions of the record, like a claimant's low grades or decreased assignment rate, that are favorable to the claimant. These cases are distinguishable because here, as Magistrate Judge Patti stated, the ALJ considered the support J.E.D. received and properly weighed the evidence. Moreover, plaintiff's argument regarding J.E.D.'s grades fails. Plaintiff relies on her own testimony, which the ALJ thoroughly considered, and a school transcript, that was not before the ALJ.

## IV. Conclusion

Accordingly, plaintiff's objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Judge Patti's report and recommendation, GRANTS defendant's motion for summary judgment, DENIES plaintiff's motion for summary judgment and DISMISSES plaintiff's complaint with prejudice.

IT IS SO ORDERED.

Dated: September 11, 2017

<pre>
                    S/George Caram Steeh
                    GEORGE CARAM STEEH
                    UNITED STATES DISTRICT JUDGE
</pre>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon
attorneys of record on
September 11, 2017, by electronic and/or
ordinary mail.

s/Marcia Beauchemin
Deputy Clerk